

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Michelle V. Larson*

**Signed April 15, 2026**
_____
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **GEV IO LLC,** *et al.,* | § § | **Case No. 26-31546 (MVL)** |
| **Debtors.**[1] | § § § | **(Joint Administration Requested)** |
| | § § | |

**INTERIM ORDER AUTHORIZING THE DEBTORS TO (I) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES, (II) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (III) GRANTING <u>RELATED RELIEF</u>**

Upon the *Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to (I) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses, (II) Continue Employee Benefits Programs, and (III) Granting Related Relief* (the "**Motion**")[2] of GEV IO LLC, and its debtor affiliate, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (each a "**Debtor**" collectively, the "**Debtors**"), requesting entry of interim and

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each of their federal identification numbers are Gev IO LLC d/b/a Nomad Internet (9888) and Everywhere Internet, LLC (4237). The location of the Debtors' corporate headquarters and the Debtors' service address is 30665 U.S. Hwy 281 N. Bulverde, Texas 78163.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

final orders pursuant to sections 105(a), 363(b), 507(a) and 541(b)(1) of the Bankruptcy Code, authorizing, but not directing, the Debtors to (a) pay certain prepetition wages, salaries, other compensation, and reimbursable expenses; (b) continue to administer the employee benefits programs in the ordinary course, including payment of certain prepetition obligations related thereto; and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled; and upon consideration of the First Day Declaration; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors, their respective estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.      The Debtors are authorized, but not directed, to continue to provide, and to pay any claims or obligations on account of, the Compensation and Benefits in the ordinary course and on terms consistent with past practice and the terms of this Interim Order.

2.      The Debtors shall not make any bonus, incentive, retention, or severance payments to any insiders (as such term is defined in section 101(31) of the Bankruptcy Code) that would violate section 503(c) of the Bankruptcy Code without further order of this Court.

3.      The automatic stay of section 362(a) of the Bankruptcy Code, to the extent applicable, is hereby modified to authorize and ratify, *nunc pro tunc* to the date of each respective debit, the post-petition payments debited to Guardian in the aggregate amount of $186.51, on account of the Debtors' outstanding prepetition obligations under the Life, AD&D, and Disability Insurance Coverage. This modification of the automatic stay pertains solely to the prepetition amounts paid post-petition to Guardian for the Life, AD&D, and Disability Insurance Coverage as described in the Motion.

4.      The Debtors are authorized, but not directed, to forward any unpaid amounts on account of the Tax and Withholding Obligations to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

5.      The Debtors are authorized, but not directed, to pay costs and expenses incidental to payment of the Compensation and Benefits obligations, including all administrative and processing costs and payments to outside professionals.

6.      Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Compensation and Benefits obligations.

7.       The Banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors'

3

designation of any particular check or electronic payment request as approved by this Interim Order.

8.     The Debtors will provide notice to the U.S. Trustee and counsel to any statutory committee of any changes to Compensation and Benefits or of any new programs, policies, and benefits.

9.     The Debtors are authorized, but not directed, to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

10.     Nothing in this Interim Order authorizes or directs the Debtors to accelerate any payments not otherwise due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "**Final Hearing**").

11.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12.     Notwithstanding anything to the contrary herein, nothing contained in the Motion or this Interim Order, or any payment made pursuant to the authority granted by this Interim Order, is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

13.     The Debtors shall maintain a matrix/schedule of amounts paid related to prepetition Compensation and Benefits, made pursuant to this Interim Order, including the following information: (a) the names of the payee; (b) the date and amount of the payment; (c) the category or type of payment, as further described and classified in the Motion; and (d) the Debtor or Debtors that made the payment. The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee and counsel to any statutory committee appointed in these Chapter 11 Cases every 30 days beginning upon entry of this Interim Order and ending upon entry of an order confirming a plan or dismissing or converting these Chapter 11 Cases prior to such date.

14.     The Debtors shall not (i) honor any prepetition Compensation and Benefits to any individual that exceeds the priority amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code nor (ii) pay any amounts to "insiders" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code under any bonus, incentive or retention plan without seeking authority from the Court.

15.     Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

16.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

17.     The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Interim Order.

**18.**     The Final Hearing to consider the relief requested in the Motion shall be held on **April 29, 2026 at 9:30 a.m. (Central Time)** and any objections or responses to the Motion shall be filed on or prior to **April 24, 2026.**

19.     The Court shall retain jurisdiction to hear and determine all matters arising from or

related to the implementation, interpretation, or enforcement of this Interim Order.

# # # End of Order # # #

Prepared by:

*/s/ Omar J. Alaniz*
**REED SMITH LLP**
Omar J. Alaniz (SBN 24040402)
Taylre C. Janak (SBN 24122751)
Haley B. Bray (SBN 24143584)
Emily A. Chang (SBN 24142773)
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
E-mail:  oalaniz@reedsmith.com
          tjanak@reedsmith.com
          hbray@reedsmith.com
          echang@reedsmith.com

*Proposed Attorneys for the*
*Debtors and Debtors-in-Possession*