Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX  75242
(214) 767-1079

Meredyth A. Kippes,
For the United States Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **GEV IO, LLC, et al.** | § | **Case No.      26-31546-MVL-11** |
| | § | |
| | § | **Jointly Administered.** |
| | § | |
| **Debtors-in-Possession.** | § | |

**United States Trustee's Limited Objection to**
***Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Womble Bond Dickinson (US) LLP as Special Counsel to the Debtors and Debtors-in-Possession, Effective as of April 8, 2026***
[docket no. 73]

TO THE HONORABLE MICHELLE V. LARSON
UNITED STATE BANKRUPTCY JUDGE:

Lisa L. Lambert, the United States Trustee for Region 6 ("United States Trustee"), files this limited objection to the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Womble Bond Dickinson (US) LLP as Special Counsel to the Debtors and Debtors-in-Possession, Effective as of April 8, 2026* ( the "Application"). [docket no. 73].   In support, the United States Trustee would respectfully show the court as follows:

UST's Limited Objection to § 327(e) Application                                    Page 1 of 5

**Summary**

The Debtor seeks to employ Womble Bond Dickinson (US) LLP ("Applicant") as special counsel under 11 U.S.C. § 327(e).  The Debtors assert that its and its related insiders' interests are aligned.  However, it is not clear, from the Applicants' declaration (the "Declaration") supporting the Application, whether the Debtors' estates have or may have claims against the Debtors' insiders, or vice versa, in connection with the Agreed Final Judgment and Permanent Injunction (the "Settlement") in *State of Texas v. GEV IO, LLC, et al.*, Cause No. C2023-0560B, 207th District Court, Comal County, Texas (the "Litigation").  It is also not clear from the Declaration whether the Applicant represents other of the defendants in the Litigation subject to the Settlement.  Additionally, the Applicant has not attached its engagement letter ("Engagement Letter") to the Declaration or Application, yet seeks an order approving the employment under the terms set forth in the Engagement Letter.

**Facts**

1.      GEV IO, LLC and Everywhere Internet, LLC (the "Debtors") filed voluntary petitions in bankruptcy on April 8, 2026.

2.      The Court entered an order jointly administering these cases on April 15, 2026.

3.      As of the filing of this objection, an official committee of unsecured creditors has yet to be appointed.

4.      The Debtors and other defendants in the Litigation, including certain related entities Jessica Garza, the Debtors' principal; Jaden Garza, an employee of the Debtors and Jessica Garza's husband; and Jappa and Jaga MNGT LLC, an entity owned by the Garzas – (Ms. Garza, Mr. Garza and Jappa and Jaga MNGT LLC shall be referred to herein as collectively

as the "Related Entities"), entered into the Settlement of the Litigation with the State of Texas, which was approved by the 207th District Court on April 11, 2024.

5.     The Settlement provides that the State of Texas shall have a judgment against the Debtors, the Related Parties and other defendants, jointly and severally, in the amount of $8,000,000.00.

6.     The Debtors filed the Application on May 8, 2026, seeking to employ the Applicant as Special Counsel under Section 327(e) of the Bankruptcy Code to represent the Debtors in connection with matters relating to the Settlement.

7.     The Application and the Declaration disclose that the Applicant also represents Jessica Garza and Jaden Garza (the "Garzas") and asserts that there is no conflict of interest between representing the Debtors and the Garzas in connection with the Settlement because their interests are aligned.

8.     The Application discloses that the Applicant was engaged immediately prior to the Petition Date, on April 7, 2026.

9.     The Engagement Letter is not attached to the Application or the Declaration in support of the Application.

10.    The proposed order attached to the Application seeks approval of Applicant's employment "under the terms and conditions of the Application and the Engagement Letter between the Debtors and [the Applicant] dated April 7, 2026."

11.    The United States Trustee received a copy of the Engagement Letter on June 8, 2026.  The United States Trustee sent comments to Debtors' counsel regarding the Engagement Letter on June 8, 2026, requesting language changes to the form of order.  The

United States Trustee also requested that the Applicant file a supplemental declaration attaching the Engagement Letter.

12.     By agreement, the deadline by which the United States Trustee may object to the Application was extended to June 9, 2026.

### Objection

13.     Under section 327(e), the Debtors "with court approval, may employ, for a specified special purpose, other than to represent the [Debtors] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

14.     The Applicant carries the burden of proof to establish that the firm does not represent or hold an interest adverse to the estate.  *In re Big Mac Marine, Inc.*, 326 B.R. 150, 154 (B.A.P. 8th Cir. 2005)(citations omitted)(addressing burden of proof in the contest of an application for employment under section 327(a)).

15.     The Fifth Circuit requires courts evaluating a conflict to conduct a "painstaking analysis of the facts and precise application of precedent." *Pierson & Gaylen v. Creel & Atwood (In re Consolidated Bancshares, Inc.)*, 785 F.2d 1249, 1256 (5th Cir. 1986) (citation omitted) (remanding for additional findings and possible re-opening of evidence regarding special counsel's dual representation of director and debtor); *see also Humble Place Joint Venture v. Fory (In re Humble Place Joint Venture)*, 936 F.2d 814, 819 (5th Cir. 1991) (referring to findings of fact).

16.     Given that the Garzas and the Debtors are jointly and severally liable to the State of Texas under the Settlement, the matter on which the Applicant is to be employed, it is

possible that the Debtors may have claims against the Garzas relating to that joint and several liability, or vice versa.

17.     The Debtors should put on evidence to show that the Debtors have no claims against the Garzas in connection with the Settlement, or vice versa. The Debtors should also put on evidence regarding whether the Applicants represent any other defendant under the Settlement, such as Jappa and Jaga MNGT LLC, and whether the Debtors may have claims against that entity, or vice versa, in connection with the Settlement.

18.     The Applicant should also file a supplemental declaration attaching the Engagement Letter for full transparency.

For these reasons, the United States Trustee respectfully files her limited objection to the requested relief.   The United States Trustee further requests any other relief to which she is justly entitled.

Dated:          June 9, 2026                        Respectfully submitted,

LISA L. LAMBERT
UNITED STATES TRUSTEE
*/s/ Meredyth A. Kippes*
Meredyth A. Kippes
Trial Attorney, TX 24007882
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX  75242
(214) 767-1079
meredyth.kippes@usdoj.gov

Certificate of Service

I certify that on June 9, 2026, a true and correct copy of this document was served via ECF on Debtors' counsel and to all those specifically requesting notice in this case.

*/s/ Meredyth A. Kippes*
Meredyth A. Kippes