

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Michelle V. Larson*

_____
**United States Bankruptcy Judge**

**Signed June 18, 2026**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **GEV IO LLC,** *et al.,* | § § § | **Case No. 26-31546 (MVL)** |
| **Debtors.**[1] | § § § § § | **(Jointly Administered)** |

**ORDER APPROVING DEBTORS' <u>AMENDED</u> APPLICATION FOR ENTRY OF
AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF HMP
ADVISORY HOLDINGS, LLC DBA HARNEY PARTNERS, AS FINANCIAL
<u>ADVISORS TO THE DEBTORS</u>**

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in

possession (the "**Debtors**") for entry of an order (this "**Order**") and the Declaration of Erik White,

as thereafter supplemented by the Supplemental Declaration of Erik White (the "**White**

**Declaration**") submitted in the support of the Application, the Court hereby finds that based upon

the representations made in the Application and White Declaration; (i) HP does not represent any

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each of their federal identification numbers are GEV IO LLC (9888) and Everywhere Internet, LLC (4237). The location of the Debtors' corporate headquarters and the Debtors' service address is 30665 U.S. Hwy 281 N. Bulverde, Texas 78163.

[2] Capitalized terms not defined herein shall have the meaning set forth in the Application

interests adverse to the Debtors' estates or their creditors with respect to the matter upon which HP is to be engaged; (ii) HP is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, and as provided and disclosed in the Application and the White Declaration; (iii) the employment of HP is necessary and is in the best interests of the Debtors' estate; and (iv) the Application should be GRANTED. It is therefore hereby **ORDERED** that:

1. The Application is granted.

2. The Debtors are authorized to retain and employ HMP Advisory Holdings, LLC dba Harney Partners ("**HP**") as their financial advisor in these Chapter 11 Cases, in accordance with sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules on the terms and conditions set forth in the Engagement Letter, and the Application, effective as of the Petition Date.

3. HP shall file interim and final fee applications for allowance of compensation for its professional services rendered and reimbursed for expenses incurred in connection with the performance of the services set forth in the Application, and the Engagement Letter, in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable orders or procedures of this Court. HP shall also make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and applications for compensation and reimbursement of expenses filed by HP in the Chapter 11 Cases. For billing purposes, HP professionals providing services to the Debtors shall keep their time in one tenth (1/10) hour increments.

4. Approval of any motion for appointment of a financial advisor in which certain hourly rates and compensation terms are stated for various professionals is not an agreement by

the Court to allow fees at the requested hourly rates or compensation terms and is not a preapproval

of compensation pursuant to 11 U.S.C. § 330(a).  Final compensation, awarded only after notice

and opportunity for a hearing, may be more or less than the requested hourly rates and

compensation terms based on application of the above-mentioned factors in granting approval by

court order.

5.      HP shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee,

and any official committee appointed in these Chapter 11 Cases before implementing any periodic

rate increases and shall file such notice with the Court.  The U.S. Trustee retains all rights to object

to any rate increase on all grounds, including the reasonableness standard set forth in section 330

of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to

section 330 of the Bankruptcy Code.

6.      The Debtors are permitted to submit to their insurance carriers fees and expenses

of HP that are covered under insurance policies.

7.      To the extent that HP uses the services of contract financial advisors in these

Chapter 11 Cases, HP (a) shall pass-through the cost of such contract financial advisors to the

Debtors at the same rate that HP pays the contract financial advisors; (b) shall seek reimbursement

for actual out-of-pocket expenses only; and (c) shall ensure that the contract financial advisors are

subject to the same conflict checks and disclosures as required of HP by Bankruptcy Rule 2014.

8.      Notwithstanding anything in the Application, or the White Declaration, to the

contrary, HP shall seek reimbursement from the Debtors' estates for its expenses at the firm's

actual cost.

9. Consistent with governing law, HP shall not receive payment from the Debtors' estate for any fees or costs arising from the defense of a filed objection to its fees or expenses in the above-captioned cases.

10. In the event that, during the pendency of the Chapter 11 Cases, HP seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in HP's fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules, and shall be subject to approval of the Court under the standards of Bankruptcy Code 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; provided, however, that HP shall not seek reimbursement from the Debtors' estate for any fees incurred in defending any of its fee applications in the Chapter 11 Cases.

11. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the White Declaration:

i. In the event the Debtors seek to have HP professionals assume executive officer positions that are different than the position(s) disclosed in the Application or Engagement Letter, or to materially change the terms of the engagement by either: (i) materially modifying the functions of personnel, (ii) adding executive officers, or (iii) altering or expanding the scope of the Engagement Letter, as modified by this Order, a motion to modify the retention shall be filed with the Court;

ii. HP and its affiliates shall not act in any other capacity except as described in the Application and the Engagement Letter in connection with the Chapter 11 Case, including, without limitation as an investor or asset purchaser;

iii. For a period of three (3) years after the conclusion of the engagement, HP shall not make any investments in the Debtors or the Reorganized Debtors, as applicable; and

iv. Any HP professionals serving as corporate officers of the Debtors shall be subject to the same fiduciary duties and obligations applicable to other persons serving in such capacity.

12.     As to any HP professional not serving in executive officer positions, the following

indemnification procedures are approved during the pendency of the Chapter 11 Cases:

i.   subject to the limitations in subparagraph (c) below, HP shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court;

ii.  The Debtors shall have no obligation to indemnify HP, or provide contribution or reimbursement to HP, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from HP's gross negligence, willful misconduct, fraud, breach of fiduciary duty, if any, bad faith or self-dealing; or (ii) settled prior to a judicial determination as to HP's gross negligence, willful misconduct, breach of fiduciary duty, if any, or bad faith or self-dealing but determined by this Court, after notice and hearing to be a claim or expense for which HP should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

iii. If, before the earlier of (i) the entry of an order confirming the plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, HP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation, the advancement of defense costs, HP must file an application with the Court, and the Debtors may not pay any such amounts to HP before the entry of an order by this Court approving the payment. This subparagraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by HP for indemnification, contribution, and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify HP. All parties in interest shall retain the right to object to any demand by HP for indemnification, contribution, and/or reimbursement

13.     HP shall use reasonable efforts to avoid the duplication of services provided by any

other professional retained by the Debtors in these Chapter 11 Cases.

14.     HP shall make a reasonable effort to comply with the U.S. Trustee's requests for

additional information and documentation.

15.     Notwithstanding any provisions to the contrary in the Engagement Letter or any other document, HP expressly acknowledges that it owes certain fiduciary duties in these Chapter 11 Cases as an estate professional.

16.     In the event the Engagement Letter is terminated at any time during these chapter 11 cases, the Debtors shall provide notice to the Court and parties receiving notice of HP's retention as set forth in the Application.

17.     Notwithstanding any provisions to the contrary in the Engagement Letter or any other document, the Engagement Letter shall be governed solely by the Bankruptcy Code, applicable caselaw, and applicable nonbankruptcy law to the extent provided for in the Bankruptcy Code.

18.     Notwithstanding any provisions to the contrary in the Engagement Letter or any other document, any dispute concerning HP's retention in these Chapter 11 Cases, including any fee disputes between HP and the Debtors, shall be resolved exclusively and solely by and through the Court.

19.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

20.     This Order shall be immediately effective and enforceable upon its entry.

21.     To the extent that this Order is inconsistent with the Engagement Letter, or the White Declaration, the terms of this Order shall govern.

22.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # End of Order # # #

Prepared by:

*/s/ Omar J. Alaniz*
**REED SMITH LLP**
Omar J. Alaniz (SBN 24040402)
Taylre C. Janak (SBN 24122751)
Haley B. Bray (SBN 24143584)
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
E-mail:  oalaniz@reedsmith.com
        tjanak@reedsmith.com
        hbray@reedsmith.com

**REED SMITH LLP**
Amalia Sax-Bolder (*admitted pro hac vice*)
1400 Wewatta St
Suite 350
Denver, CO 80202
Telephone: (303) 552-3800
Facsimile: (303) 552-3799
E-mail:  asaxbolder@reedsmith.com

*Proposed Attorneys for the*
*Debtors and Debtors-in-Possession*