# EXHIBIT C

## Declaration of Erik White

**REED SMITH LLP**
Omar J. Alaniz (SBN 24040402)
Taylre C. Janak (SBN 24122751)
Haley B. Bray (SBN 24143584)
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
E-mail: oalaniz@reedsmith.com
tjanak@reedsmith.com
hbray@reedsmith.com

*Attorneys for the Debtors and Debtors-in-Possession*

**REED SMITH LLP**
Amalia Sax-Bolder (*admitted pro hac vice*)
1400 Wewatta St
Suite 350
Denver, CO 80202
Telephone: (303) 552-3800
Facsimile: (303) 552-3799
E-mail: asaxbolder@reedsmith.com

*Attorney for the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| | § | **Chapter 11** |
| **In re:** | § | |
| **GEV IO LLC, *et al.*,** | § | **Case No. 26-31546 (MVL)** |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |
| | § | |
| | § | |

**DECLARATION OF ERIK WHITE IN SUPPORT OF THE DEBTORS' EMERGENCY APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO DESIGNATE ERIK WHITE AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTORS, EFFECTIVE AS OF JULY 9, 2026**

I, Erik White, declare as follows:

1. I am a Managing Director of HMP Advisory Holdings, LLC, d/b/a Harney Partners ("**HP**") and am duly authorized to execute this declaration (the "**Declaration**") in my capacity as the proposed Chief Restructuring Officer. I am familiar with the matters set forth herein and, if called as a witness, I can and will testify to the contents of this Declaration.

[1] The Debtors in these Chapter 11 Cases and the last four digits of each of their federal identification numbers are GEV IO LLC (9888) and Everywhere Internet, LLC (4237). The location of the Debtors' corporate headquarters and the Debtors' service address is 30665 U.S. Hwy 281 N. Bulverde, Texas 78163.

2. I make this Declaration in support of the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the *Debtors' Emergency Application for Entry of an Order Authorizing the Debtors to Designate Erik White as Chief Restructuring Officer for the Debtors, Effective as of July 9, 2026* (the "**Application**").[2] This Declaration is also submitted to comply with the applicable provisions of sections 327, 328(a), and 504 of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016, and 5002, and Bankruptcy Local Rules 2014-1 and 2016-1.

**HP's Qualifications and Services**

3. HP is a multidisciplinary financial advisory firm with leading practices in the areas of bankruptcy and financial restructuring. HP has extensive experience and knowledge in the fields of financial restructuring and turnaround services and has assisted numerous troubled companies and creditors in both workout situations and bankruptcy proceedings. HP and its personnel are frequently engaged as estate professionals, including as a chief restructuring officer, a responsible party, a chapter 11 trustee, a chapter 11 post-confirmation trustee, a financial advisor, and a court-appointed receiver.

4. HP has been serving as the financial advisor to the Debtors since the Petition Date pursuant to the *Order Granting Application to Employ HMP Advisory Holdings, LLC d/b/a Harney Partners as Financial Advisor* [Dkt. No. 101]. I personally have over 17 years of consulting, restructuring, and corporate finance experience. I have experience serving in various roles, including as a CRO and a financial advisor.

**Necessity of CRO Designation**

5. I have developed significant familiarity with the Debtors' financial affairs, debt structure, and related matters through my role at HP. Given the complexity of these Chapter 11

---

[2] Capitalized terms used herein but undefined have the meaning provided in the Application.

Cases, the Debtors believe it is necessary for me to expand my role from financial advisor to CRO so that I may exercise the authority necessary to make critical restructuring decisions on behalf of the Debtors.

6. For the avoidance of doubt, Harney Partners will continue to serve as the financial advisor to the Debtors pursuant to the *Order Granting Application to Employ HMP Advisory Holdings, LLC d/b/a Harney Partners as Financial Advisor* [Dkt. No. 101]. My designation as CRO supplements and expands HP's existing engagement as the financial advisor to the Debtors.

**Scope of CRO Services**

7. Subject to the Court's approval, I will serve as the CRO for the Debtors pursuant to the terms of the Engagement Letter. Among other things, as CRO, I will have authority to:

a. Consult with and advise the Debtors on business strategy and other key elements of the Debtors' business, with the Debtors' management and business personnel cooperating with me and providing information to me as reasonably requested in connection with restructuring efforts;

b. Manage due diligence requests and other items requested by various constituents as part of the restructuring process;

c. Supervise the preparation of a cash flow forecast and related financial and business models, and approve them;

d. Supervise the preparation of schedules, statements, monthly operating reports, and other similar regular Chapter 11 administrative, financial, and accounting reports required by the Bankruptcy Court, and approve them;

e. Provide necessary testimony before the Bankruptcy Court on matters within my areas of expertise;

f. Negotiate with creditors, prospective purchasers, and other parties in interest;

g. Have, together with the Debtors' management, decision-making authority over the Debtors' financial and restructuring matters;

h. Receive advance written notice of, and provide prior written consent before the Debtors' management implements, any operational decision that could reasonably be expected to have a material effect on the Debtors' cash flows, financial condition, or restructuring efforts;

i. Request and receive cooperation and assistance from the Debtors' employees, contractors, professionals, and other agents in performing my duties;

j. Execute all documents and take all other acts necessary to effectuate the financial restructuring of the Debtors;

k. Negotiate, propose, file, and seek confirmation of a plan of reorganization or liquidation on behalf of the Debtors, subject to Bankruptcy Court approval;

l. Approve and authorize a sale of all or substantially all of the Debtors' assets or equity interests, subject to Bankruptcy Court approval and any applicable bidding procedures; and

m. Perform such other CRO services as may be agreed upon by myself and the Debtors.

8. I understand that the Debtors propose that I also have decision-making authority over the Debtors' financial and restructuring matters, including, but not limited to: (a) unrestricted access to, and complete and unfettered control over, the Debtors' cash and bank deposit accounts; (b) investigation and, if prudent, pursuit of estate causes of action; and (c) management of any and all other matters in these Chapter 11 Cases where there is a conflict of interest with the Debtors' managing member and any of its affiliates.

**CRO's Compensation**

9. Pursuant to the Engagement Letter, I will be entitled to compensation at a rate of $625 per hour and reimbursement of out-of-pocket expenses. I will maintain time records in one-tenth-of-an-hour (0.10) increments, setting forth, in summary format, a reasonably detailed description of the services rendered on behalf of the Debtors and the amount of time spent rendering those services on each date. Any compensation or reimbursement of expenses will be subject to Bankruptcy Code §§ 330 and 331.

10. I believe that the proposed hourly rate is comparable to rates charged by chief restructuring officers with similar qualifications for similar engagements. The proposed rate is consistent with my customary billing practices for comparably sized engagements. The Debtors

and I negotiated the terms of compensation in good faith and at arm's length. I believe that the proposed compensation is fair, reasonable, and in line with the current market for the services to be provided to the Debtors and that the proposed terms meet the standards set forth in section 328(a) of the Bankruptcy Code.

**CRO's Disinterestedness**

11. In connection with my proposed designation, I determined whether I had any conflicts or other relationships, including through HP, that might cause me not to be disinterested or to hold or represent an interest adverse to the Debtors. To determine whether I or HP had any relationships with parties in interest in these Chapter 11 Cases, I reviewed HP's client databases to identify relationships between HP and the entities identified to HP by the Debtors (each, an "**Interested Party**," and collectively, the "**Interested Parties**").

12. I conducted the review of the Interested Parties described herein by checking HP's internal client databases. It is my understanding that the design and implementation of HP's current procedures provide HP with a reasonable level of comfort that relationships and potential conflicts have been and will be identified. I will continue my inquiry following the filing of this Declaration by undertaking the same procedures described herein on a periodic basis and will file additional disclosures with this Court if necessary or otherwise appropriate.

13. Given the number of Interested Parties, notwithstanding the aforementioned procedures, I cannot determine whether every connection has been discovered and disclosed.

14. I understand that members or certain employees of HP may have connections with Interested Parties or with persons who are beneficial owners, affiliates, equity holders, and/or sponsors of certain Interested Parties; persons whose beneficial owners, affiliates, equity holders, and/or sponsors are Interested Parties; and persons who otherwise have connections with certain

Interested Parties. Furthermore, I understand that the Debtors may have had, or may currently have, customers, creditors, lenders, equity owners, competitors, and other parties who are parties in interest (but are not listed as Interested Parties) with whom the Debtors maintain business relationships and with whom HP may have had, or may currently or in the future have, connections. In addition, I understand that new parties may become parties in interest and that HP may have had, or may currently or in the future have, connections with such new parties in interest.

15. To the best of my knowledge and belief, other than as disclosed in this Declaration, I do not hold or represent any interest materially adverse to the Debtors or their estates.

16. In addition, other than as disclosed in this Declaration, I do not believe that any connection HP may have with any Interested Party in connection with any unrelated matter constitutes an interest materially adverse to the interests of the estate or any class of creditors or equity holders in this Chapter 11 Case.

17. In addition, other than as disclosed in this Declaration, I do not believe that any other HP professional is related to any United States Bankruptcy Judge for this District or any known employee of the United States Trustee's Office for this District.

18. The Texas Office of the Attorney General is a creditor of one of the Debtors and is therefore a party in interest in this case. An equity partner of HP (Greg Milligan) is married to the Managing Attorney of the Bankruptcy Regulatory Team in the Bankruptcy and Collections Division of the Office of the Texas Attorney General (Layla Milligan). Notwithstanding the foregoing, Greg Milligan will not provide any services in connection with this engagement or any matters involving the Texas Attorney General. I do not believe that the relationship disclosed above creates an interest adverse to the Debtors or their estates or impairs HP's disinterestedness under section 101(14) of the Bankruptcy Code.

19. In addition, I understand that HP serves as a financial advisor to debtors in other, unrelated cases in which Reed Smith also serves as counsel to those debtors.

20. Based on all the foregoing, I believe that I am a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

21. To the extent I discover any material facts bearing on the matters described herein during the period of my retention as CRO, I will amend and supplement the information contained in the Application and this Declaration to disclose such facts.

22. I have not shared or agreed to share any of my compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code. If any such agreement is entered into, I will amend and supplement the information contained in the Application and this Declaration to disclose the terms of any such agreement.

23. I have received no promises as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 6, 2026
Dallas, Texas

*/s/ Erik White*
Erik White