**REED SMITH LLP**
Omar J. Alaniz (SBN 24040402)
Taylre C. Janak (SBN 24122751)
Haley B. Bray (SBN 24143584)
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
E-mail:  oalaniz@reedsmith.com
        tjanak@reedsmith.com
        hbray@reedsmith.com

*Attorneys for the Debtors and Debtors-in-Possession*

**REED SMITH LLP**
Amalia Sax-Bolder (*admitted pro hac vice*)
1400 Wewatta St
Suite 350
Denver, CO 80202
Telephone: (303) 552-3800
Facsimile: (303) 552-3799
E-mail:  asaxbolder@reedsmith.com

*Attorney for the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **GEV IO LLC, *et al.*,** | § § § | **Case No. 26-31546 (MVL)** |
| **Debtors.[1]** | § § § § § | **(Jointly Administered)** |

**SUMMARY COVER SHEET**
**FOR THE FIRST INTERIM APPLICATION OF REED SMITH LLP FOR**
**ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**AS COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE**
<u>**PERIOD OF APRIL 8, 2026 THROUGH JUNE 30, 2026**</u>

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each of their federal identification numbers are GEV IO LLC (9888) and Everywhere Internet, LLC (4237). The location of the Debtors' corporate headquarters and the Debtors' service address is 30665 U.S. Hwy 281 N. Bulverde, Texas 78163.

## **FEE APPLICATION COVER SHEET**

**Interim / Final Fee Application of:**

   Reed Smith LLP

**Capacity:**  Attorneys for the Debtor      **Time Period:**  April 8, 2026 – June 30, 2026

**Bankruptcy Petition Filed on:**  April 8, 2026

**Date of Entry of Retention Order:**  June 18, 2026   **Status of Case:**  Pending

| **Amount Requested:** | | **Reductions:** | |
| --- | --- | --- | --- |
| Fees: | $294,962.00 | Voluntary fee reductions: | $924.00 |
| Expenses: | $6,253.67 | Expense reductions: | $0.00 |
| Other: | $0.00 | **Total Reductions:** | $924.00 |
| **Total**: | $301,215.67 | | |

| **Draw Down Request:** | | **Expense Detail:**[1] | |
| --- | --- | --- | --- |
| Retainer Received:[2] | $75,000.00 | Copies - per page cost and total: | $ .15 pp/$1,626.30 |
| Previous Draw Down(s): | $0.00 | Fax - per page cost and total: | $ N/A |
| Remaining Retainer (now):[3] | $38,545.50 | Computer Research: | $ 36.00 |
| Requested Draw Down: | $0.00 | Other: Courier Fees and Postage | $ 994.37 |
| Retainer Remaining (after): | N/A | Other: Filing Fees and Parking | $ 3,597.00 |

| **Hourly Rates** | **Attorney/Accountant** | **Paralegal/Clerical** |
| --- | --- | --- |
| Highest Billed Rate: | $ 1,355.00 | $ 515.00 |
| Total Hours Billed: | 329.30 | 20.60 |
| Blended Rate: | $ 865.67 | $ 480.51 |

---

[1] Further detail on the out-of-pocket expenses incurred during the Interim Fee Period is set forth in **Exhibit D**.

[2] This figure reflects the amount held in retainer at the time of the Petition Date

[3] As described in detail herein, this figure reflects the current amount held in retainer after all pre-petition fees and expenses have been applied.

**REED SMITH LLP**
Omar J. Alaniz (SBN 24040402)
Taylre C. Janak (SBN 24122751)
Haley B. Bray (SBN 24143584)
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
E-mail: oalaniz@reedsmith.com
        tjanak@reedsmith.com
        hbray@reedsmith.com

*Attorneys for the Debtors and Debtors-in-Possession*

**REED SMITH LLP**
Amalia Sax-Bolder (*admitted pro hac vice*)
1400 Wewatta St
Suite 350
Denver, CO 80202
Telephone: (303) 552-3800
Facsimile: (303) 552-3799
E-mail: asaxbolder@reedsmith.com

*Attorney for the Debtors and Debtors-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **GEV IO LLC,** *et al.,* | § § § | **Case No. 26-31546 (MVL)** |
| **Debtors.**[2] | § § § § § § | **(Jointly Administered)** |

**FIRST INTERIM APPLICATION OF REED SMITH LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD OF <u>APRIL 8, 2026 THROUGH JUNE 30, 2026</u>**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS ON SEPTEMBER 1, 2026, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

---

[2] The Debtors in these Chapter 11 Cases and the last four digits of each of their federal identification numbers are GEV IO LLC (9888) and Everywhere Internet, LLC (4237). The location of the Debtors' corporate headquarters and the Debtors' service address is 30665 U.S. Hwy 281 N. Bulverde, Texas 78163.

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Reed Smith LLP ("**Reed Smith**"), as counsel the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby files this first interim fee application (this "**Application**") for the period from April 8, 2026, through and including June 30, 2026 (the "**Interim Fee Period**"), in support of this Application, Reed Smith respectfully represents as follows:

## RELIEF REQUESTED

1.      By this Application, pursuant to sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Local Rules**"), Reed Smith respectfully requests entry of an order (the "**Order**") substantially in the form attached to this Application as **Exhibit A**, granting interim allowance of (a) compensation for professional services rendered by Reed Smith to the Debtors during the Interim Fee Period in the amount of $294,962.00; (b) reimbursement of 100% of the actual and necessary expenses incurred by Reed Smith during the Interim Fee Period in connection with such services in the amount of $6,253.67; and (c) payment of any other unpaid fees and expenses for professional services to the Debtors during the Interim Fee Period.

2.      This Application also substantially complies with the requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation*

*and Reimbursement and Expenses Filed Under 11 U.S.C. § 330*, effective as of January 30, 1996 (the "**UST Guidelines**").

3.      The Debtors confirm their consent to the entry of a final order by the Court in connection with the Application in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## JURISDICTION AND VENUE

4.      The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

5.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The basis for the relief requested herein is sections 330 and 331 of the Bankruptcy Code.

## BACKGROUND AND CASE STATUS

*A. Chapter 11 Cases*

7.      On April 8, 2026 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

8.      Pursuant to Rule 1015(b) of the Bankruptcy Rules and Rule 1015-1 of the Bankruptcy Local Rules, the Court authorized the joint administration of the Chapter 11 Cases by entry of an order on April 15, 2026 [Dkt. No. 20].

9. The Debtors provide high-speed, secure wireless internet to rural communities and on-the-road travelers nationwide, providing remote internet coverage to customers in all 50 states.

10. A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Jessica Garza in Support of Chapter 11 Filings and First Day Relief* [Dkt. No. 15] (the "**First Day Declaration**") filed with the Court on April 13, 2026.

11. On June 22, 2026, the Court entered an *Order Granting Debtors' Application for Entry of an Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) Authorizing the Employment of GCP, Inc. as Investment Banker to the Debtors Nunc Pro Tunc to May 28, 2026* [Docket No. 113], authorizing the retention of GCP, Inc., as investment banker to the Debtors, which will enable the Debtors to implement a successful marketing and sale of the Debtors' business.

### B. Debtors' Retention of Reed Smith

12. On May 8, 2026, the Debtors filed their *Application for Entry of an Order Authorizing Retention and Employment of Reed Smith LLP as Counsel to the Debtors* [Docket 67], and on May 11, 2026, the Debtors filed their *Amended Application for Entry of an Order Authorizing Retention and Employment of Reed Smith LLP as Counsel to the Debtors* [Docket No. 75] (the "**Reed Smith Retention Application**"), seeking approval of Reed Smith to be retained as general counsel for the Debtors as well as seeking authority to seek reimbursement of Reed Smith's fees and expenses incurred in the representation of Debtors.

13. On June 18, 2026, the Court entered the *Order Approving Debtors' Amended Application for Entry of an Order Authorizing Retention and Employment of Reed Smith LLP, as Counsel to the Debtors* [Docket No. 102] (the "**Reed Smith Retention Order**"), authorizing allowance of compensation for Reed Smith's professional services rendered and reimbursement

for expenses incurred in connection with the performance of the services set forth in Reed Smith's

application, engagement letter, and any declarations in accordance with sections 330 and 331 of

the Bankruptcy Code, the applicable Bankruptcy Rules, the Bankruptcy Local Rules, and any other

applicable orders or procedures of this Court.

14.     On April 6, 2026, the Debtors delivered a $75,000.00 retainer to Reed Smith as an

advance against services to be provided by Reed Smith in connection with these Chapter 11 Cases.

Prior to the Petition Date, Reed Smith incurred $36,454.50 in fees and expenses and Reed Smith

applied the prepetition advance payment to the fees and expenses incurred prior to the Petition

Date. Reed Smith is holding the remaining $38,545.50 as a retainer in its trust account.

15.     For the avoidance of doubt, Reed Smith has not submitted any prior requests for

compensation or retainer draw downs, and has not filed any fee statements.

### C.  Customary Billing Disclosures

16.     Reed Smith's hourly rates are set at a level designed to compensate Reed Smith

fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.

The hourly rates charged by Reed Smith in these Chapter 11 Cases were billed in accordance with

Reed Smith's rates and procedures in effect during the Interim Fee Period and in accordance with

the Reed Smith Retention Order. As described in the Reed Smith Retention Application, Reed

Smith's fees are reasonable and comparable to those charged by attorneys of similar experience

and expertise for engagements of scope and complexity similar to these Chapter 11 Cases.

17.     Other than as described herein and in the Reed Smith Retention Application, no

arrangement is proposed between the Debtors and Reed Smith for compensation to be paid in

the Chapter 11 Cases, and Reed Smith has received no payment or promises of payment from any

source other than the Debtors for services rendered in these Chapter 11 Cases.  Reed Smith has

neither shared, nor agreed to share, any compensation received in connection with the Chapter 11 Cases with any other party or person except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of sharing compensation among Reed Smith's partners, associates, and contract attorneys.

**SUMMARY OF SERVICES RENDERED DURING THE INTERIM FEE PERIOD**

18.     Reed Smith attorneys and paraprofessionals expended a total of 329.30 hours in connection with these Chapter 11 Cases during the Interim Fee Period. All services for which Reed Smith is requesting compensation were performed for or on behalf of the Debtors.

19.     In support of this Application, Reed Smith submits the following Exhibits:

a.   A summary of Reed Smith's hours expended, hourly rates, and fees earned during the Interim Fee Period grouped by timekeepers (attorneys and paraprofessionals) is attached hereto as **Exhibit B**.

b.   A copy of Reed Smith's computerized records of time expended providing professional services to the Debtors during the Interim Fee Period is attached hereto as **Exhibit C**.

c.   A summary of Reed Smith's out-of-pocket expenses incurred during the Interim Fee Period is attached hereto as **Exhibit D.**

d.   The Declaration of Omar J. Alaniz is attached hereto as **Exhibit E**.

20.     The services rendered by Reed Smith during the Interim Fee Period can be grouped into the categories set forth below. These categories are generally described below, with a more detailed identification of the actual services provided set forth in the attached **Exhibit C**. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in **Exhibit B** attached hereto. Although every reasonable effort has been made to properly and consistently categorize the actual services provided into the appropriate category, certain tasks may relate to one or more categories and could be properly categorized into two or

8

more task codes. Accordingly, services pertaining to one category may in fact be included in another category.

### A. Asset Sale - 01

**Fees: $10,201.50   Hours: 9.60**

21.     During the Interim Fee Period, Reed Smith's attorneys and paraprofessionals performed services in connection with, *inter alia*: (i) participating in calls and other communications regarding the potential sale process, including coordinating strategy internally and with internal team; (ii) discussions regarding marketing and sale of estate property; (iii) attending and participating in team and client calls regarding sale strategy; (iv) work regarding due diligence, data collection, and customer data (v) communicating and participating in calls with potentially interested parties regarding the sale of the Debtors' business; and (vi) developing and working on strategy for the Verizon deal and the asset sale with team.

### B. Automatic Stay Matters - 02

**Fees: $13,195.00    Hours: 17.90**

22.     During the Interim Fee Period, Reed Smith's attorneys and paraprofessionals performed services in connection with, *inter alia*: (i) communicating with creditors regarding automatic stay violations, drafting related correspondence, and related communications with client regarding the same; (ii) developing strategy and coordinating with team regarding the extension of the automatic stay to non-debtor parties; (iii) drafting, revising, reviewing and filing motion to extend automatic stay to Colorado action; and (iv) legal research regarding automatic stay.

**C. Business Operations – 14**

**Fees: $77,642.50  Hours: 95.30**

23.     During the Interim Fee Period, Reed Smith's attorneys and paraprofessionals performed services in connection with, *inter alia*: (i) communicating with and advising the Debtors on operational issues necessary to maintain business continuity during Chapter 11 Cases, including wages, utilities, taxes, and insurance, and developing a go forward strategy for the same; (ii) drafting, reviewing, and revising the wages and benefits motion and related interim and final orders, including addressing U.S. Trustee comments and requesting nunc pro tunc relief; (iii) analyzing the Debtors' insurance coverage and drafting, reviewing, and revising the insurance motion, exhibits, and related interim and final orders; (iv) drafting, reviewing, and revising customer programs motion; (v) drafting, reviewing, and revising utilities motion, including issues concerning utility contracts and adequate assurance; (vi) drafting, reviewing, and revising the tax motion and addressing related questions from the Debtors and U.S. Trustee; (vii) reviewing objections and other issues relating to the first and second day motions and revising motions, including related interim and final orders in response to U.S. Trustee comments; (viii) addressing former employee separation and termination matters, and drafting related cease and desist letter, including related legal research and coordination; (ix) reviewing and analyzing the Verizon contract and term sheet, developing strategy regarding Verizon relationship, payments, drafting proposed resolution, and communicating with Verizon's counsel and client regarding the same; (x) communicating with Bank of America regarding Debtors' accounts and addressing state tax matters with tax counsel; (xi) reviewing Debtors' limited liability company agreements and governance documents, and advising on governance and vendor strategy; (xii) advising Debtors regarding vendor and customer contracts, banking, expenses, leases, employee matters, and benefit

10

obligations, including obligations to BEAM benefits, and other substantive business operations; and (xiii) filing first and second day motions, exhibits, and related interim and final orders.

### D.  Case Administration – 03

**Fees: $20,184.00   Hours: 22.60**

24.     During the Interim Fee Period, Reed Smith's attorneys and paraprofessionals performed services in connection with, *inter alia*: (i) drafting first day declarations and coordinating execution; (ii) filing and serving pleadings, including reviewing docket to confirm service of first and second day orders and notices, and preparing related certificates and affidavits of service; (iii) preparing pro hac vice motions, related court notices, and other administrative pleadings, including coordination with the Court regarding the same; (iv) preparing for and attending client calls regarding case status and open issues, coordinating responses to outstanding case matters, and developing various workstreams.

### E.  Cash Collateral and DIP Financing – 04

**Fees: $6,535.00  Hours: 7.10**

25.     During the Interim Fee Period, Reed Smith's attorneys and paraprofessionals performed services in connection with, *inter alia*: (i) drafting, reviewing, and revising cash management motion, proposed order, and related materials; (ii) analyzing cash management, cash flow, the 13-week flow forecast, and related financial projections with Debtors and Harney Partners; (iii) coordinating approval and finalization of cash management motion.

### F.  Creditors – Communications – 07

**Fees: $26,918.50  Hours: 27.30**

26.     During the Interim Fee Period, Reed Smith's attorneys and paraprofessionals performed services in connection with, *inter alia*: (i) updating and maintaining the creditor and

mailing matrix, adding creditors to the master service list, coordinating service of bar date and Section 341 meeting notices, and addressing related deadlines; (ii) preparing for and attending Section 341 meeting of creditors, continued Section 341 meeting, responding to related U.S. Trustee questions, and addressing related follow-up items; (iii) drafting notice of continued Section 341 meeting and related certificate of service; (iv) communicating with counsel for Verizon regarding bankruptcy cases, contract status, drafting, and revising, and related correspondence; (v) communicating with Womble and counsel to the Texas Attorney General regarding pre-petition judgment, objection deadlines, and related matters; (vi) communicating with counsel to Debtors' landlord regarding status of real property lease; and (vii) addressing related creditor communications, follow-up emails, and issues arising during the case.

### G. Employment and Fee Applications – Other Professionals – 09

**Fees: $38,287.50    Hours: 42.50**

27.     During the Interim Fee Period, Reed Smith's attorneys and paraprofessionals performed services in connection with, *inter alia*: (i) drafting, revising, and filing the Harney Partners retention application, supporting declarations, exhibits, and proposed order, including preparation of a supplemental declaration addressing U.S. Trustee comments and certificate of no objection; (ii) drafting, revising, and filing Womble retention application, proposed order, and supporting declarations, responding to limited objection, communicating with the U.S. Trustee, and drafting notice of application withdrawal; (iii) negotiating terms of engagement and preparing and revising engagement letter, application, supporting declaration, and proposed order to employ GCP as investment banker; (iv) drafting, revising, and filing CRO retention application and addressing related U.S. Trustee comments; (v) coordinating, drafting, and revising OCP motion,

proposed order, and form of declaration; and (vi) addressing U.S. Trustee comments and coordinating deadline extensions relating to the retention applications and proposed orders.

**H. Employment and Fee Applications – Reed Smith – 08**

**Fees: $8,163.00  Hours: 12.20**

28.     During the Interim Fee Period, Reed Smith's attorneys and paraprofessionals performed services in connection with, *inter alia*: (i) drafting, reviewing, and filing the Reed Smith Retention Application, supporting declarations, proposed order, and related exhibits; (ii) reviewing interested party disclosures and assessing applicable notice periods; (iii) preparing supplemental declaration and revising Reed Smith Retention Application, proposed order, and related exhibits to address U.S. Trustee comments; (iv) coordinating the filing and service of the Reed Smith Retention Application and related pleadings, preparing the related CNO, and finalizing order approving Reed Smith's retention.

**I. General Litigation – 10**

**Fees: $4,954.50   Hours: 4.70**

29.     During the Interim Fee Period, Reed Smith's attorneys and paraprofessionals performed services in connection with, *inter alia*: (i) conducting a nationwide search for active federal cases involving Debtors; (ii) communications and strategy regarding Colorado litigation, including a pending employment matter and related proceedings (iii) communicating with tax counsel regarding sales tax matters; (v) analyzing privacy claims and demand letters, including CIPA liability and cookie issues, and advising on related response strategy; (vi) communicating with privacy claim counsel regarding AAA matters and potential dismissal; and (vii) analyzing potential preference issues.

**J.  Hearing Preparation – 11**

**Fees: $31,266.50  Hours: 47.40**

30.     During the Interim Fee Period, Reed Smith's attorneys and paraprofessionals performed services in connection with, *inter alia*: (i) preparing for and attending first- and second-day hearings, including drafting scripts and outlines, addressing U.S. Trustee comments, performing related legal research, presenting first- and second-day motions, and preparing and uploading related orders; (ii) coordinating hearing scheduling and logistics with Court, client, and the U.S. Trustee; (iii) revising and submitting hearing notices and related case materials; and (iv) filing pleadings related to the first- and second-day hearings and communicating with the client regarding hearing preparation and status.

**K.  U.S. Trustee Reporting – 13**

**Fees: $57,515.50   Hours: 63.20**

31.     During the Interim Fee Period, Reed Smith's attorneys and paraprofessionals performed services in connection with, *inter alia*: (i) preparing for and attending the Initial Debtor Interview and addressing case questions and document requests with U.S. Trustee and Debtors; (ii) preparing, revising, and finalizing the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs ("**Schedules and SOFAs**"), including gathering requisite information, resolving open issues, and updating list of office inventory; (iii) drafting and revising Global Notes, Summary of Assets, and declaration in support of the Schedules and SOFAs; (iv) drafting, revising, and filing the motion and proposed order to extend the deadline for filing the Schedules and SOFAs; (v) reviewing the Debtors' insurance policies, providing required insurance information to U.S. Trustee, and coordinating addition of U.S. Trustee as insurance notification party; (vi) communicating with U.S. Trustee regarding requested documents, amended Schedules

14

and SOFAs, Texas Attorney General judgment, and summary of the Schedules and SOFAs; (vii)

analyzing cash forecast and related information needed for preparation of financial statements and

researching executory contract issues pertaining to Schedule G; and (viii) preparing and filing

Monthly Operating Reports and addressing exclusivity deadlines and other reporting obligations.

## ACTUAL AND NECESSARY EXPENSES

32.     Attached hereto as **Exhibit D** is a detailed statement of Reed Smith's out-of-pocket

expenses incurred during the Interim Fee Period, totaling **$6,253.67**. These expenses include, but

are not limited to, court filing fees, on-line real property research services, courier services,

document printing, court parking fees, and postage fees.

## REED SMITH'S REQUESTED COMPENSATION AND
## EXPENSE REIMBURSEMENT SHOULD BE ALLOWED

33.     Section 330 of the Bankruptcy Code provides that a court may award a professional

employed under section 327 of the Bankruptcy Code "reasonable compensation for actual,

necessary services rendered… [ and] reimbursement for actual, necessary expenses."  11 U.S.C.

§ 330(a)(1).  Section 330 also establishes the following non-exclusive criteria to determine the

amount of reasonable compensation to be awarded:

> In determining the amount of reasonable compensation to be
> awarded, the court should consider the nature, extent, and the
> value of such services, taking into account all relevant factors,
> including—
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)     whether the services were necessary to the administration of, or
>         beneficial at the time at which the service was rendered towards
>         the completion of, a case under this title;
>
> (d)     whether the services were performed within a reasonable amount
>         of time commensurate with the complexity, importance, and
>         nature of the problem, issue, or task addressed;

(e)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and

(f)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

34.     In evaluating the reasonableness of fees requested under section 330, bankruptcy courts use the lodestar method, computed by multiplying the number of hours reasonably spent on the work by the prevailing hourly rate and then adjusted upward or downward based on certain factors, including those contained in section 330(a)(3). *ASARCO, L.L.C. v. Jordan Hyden Womble Culbreth & Holzer, P.C. (In re ASARCO, L.L.C.)*, 751 F.3d 291, 295 (5th Cir. 2014) (citations omitted). The Fifth Circuit has held that "if a fee applicant establishes that its services were 'necessary to the administration' of a bankruptcy case or 'reasonably likely to benefit' the bankruptcy estate 'at the time at which [they were] rendered,' then the services are compensable." *Edwards Family P'ship v. Johnson (In re Cmty. Home Fin. Servs.)*, 990 F.3d 422, 427 (5th Cir. 2021) (quoting *Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266, 276 (5th Cir. 2015) (en banc)). "In awarding fees, hindsight is irrelevant; retrospect is irrelevant; 'material benefit to the bankruptcy estate' is irrelevant. 'What matters is that, prospectively, the choice to pursue a course of action was reasonable.'" *Id*. (internal citations omitted) (emphasis added).

35.     Reed Smith charged and now requests those fees that are reasonable and customary and charged by other counsel in this marketplace for similar Chapter 11 Cases. The billing rates set forth in the various summaries of professionals and paraprofessionals rendering services during the covered period represent customary rates that are billed routinely to each of Reed Smith's

clients. Moreover, the Reed Smith Retention Order authorizes firm professionals and paraprofessionals to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses. The compensation requested in this Application does not exceed the reasonable value of the services rendered. Reed Smith's standard hourly rates for work of this nature are set at a level designed to compensate Reed Smith fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.

36.     Reed Smith respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, necessary for and beneficial to the Debtors and were rendered to assist the Debtors in discharging their statutory duties during the pendency of these Chapter 11 Cases. Reed Smith further believes that its services to the Debtors during the Interim Fee Period were performed efficiently and in an expert manner and ultimately benefitted the Debtors. Reed Smith submits that the compensation requested herein is reasonable in light of the nature, extent, and value of Reed Smith's services to the Debtors. Accordingly, the Application should be approved.

## INTERIM APPROVAL

37.     Pursuant to section 331 of the Bankruptcy Code, this Court may award interim fees and expenses, subject to the filing of a final fee application at the appropriate time. Unless the Court orders otherwise, interim fee applications should be filed not more than once every 120 days. Reed Smith has not filed any application within the prior 120 days.

## RESERVATION OF RIGHTS

38.     Reed Smith reserves the right to modify, amend, or supplement this Application at any time before the hearing on this Application.

39.     Although every effort has been made to include all fees and expenses incurred during the Interim Fee Period, some fees and expenses may not be included in this Application

due to delays caused by accounting and processing during the Interim Fee Period. Reed Smith reserves the right to seek allowance of such fees and expenses in a subsequent fee application. Subsequent fee applications will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

## **NOTICE**

40.　Notice of this Motion will be served on the following parties or their counsel (a) the U.S. Trustee for the Northern District of Texas; (b) the holders of the 20 largest unsecured claims against the Debtors; and (c) any party entitled to notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is needed.

**WHEREFORE**, Reed Smith, as counsel for the Debtors, respectfully requests that the Court enter an order: (a) approving total professional fees in the amount of **$294,962.00** as compensation for professional services rendered and **$6,253.67** for reimbursement of out-of-pocket expenses incurred for the Interim Fee Period; (b) authorizing and directing the Debtors to pay Reed Smith the outstanding balance of **$301,215.67** for fees and expenses incurred during the Interim Fee Period; and (c) granting such other further relief as this Court deems proper.

Dated: August 11, 2026
Dallas, Texas

Respectfully submitted,

**REED SMITH LLP**

*/s/ Omar J. Alaniz*
Omar J. Alaniz (SBN 24040402)
Taylre C. Janak (SBN 24122751)
Haley B. Bray (SBN 24143584)
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
E-mail: oalaniz@reedsmith.com
        tjanak@reedsmith.com
        hbray@reedsmith.com


-and-

Amalia Sax-Bolder (*admitted pro hac vice*)
1900 Lawrence St, Suite 2800
Denver, CO 80202
Telephone: (303) 552-3800
Facsimile: (303) 552-3799
E-mail: asaxbolder@reedsmith.com


*Counsel for the Debtors and
Debtors-in-Possession*


**<u>Certificate of Service</u>**

I hereby certify that on August 11, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas, and will be served by first class mail to the parties identified in the Notice section above.

*/s/ Haley B. Bray*
Haley B. Bray

19