Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-1079

Meredyth A. Kippes
for the United States Trustee
meredyth.kippes@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **GEV IO LLC, et al.** | § | **Case No. 26-31546-MVL-11** |
| | § | |
| | § | |
| **Debtors-in-Possession.** | § | **(Jointly Administered)** |

**United States Trustee's Objection to Debtors' Motion for Entry of Order to Enforce the Automatic Stay and Extend the Automatic Stay**

TO THE HONORABLE MICHELLE V. LARSON,
UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 files this objection (the "Objection") to the Debtors' Motion for Entry of Order to Enforce the Automatic Stay and Extend the Automatic Stay (the "Motion," Docket Entry No. 126). The United States Trustee would show:

## Summary

By the Motion, the Debtors seek an order of this Court extending the automatic stay under 11 U.S.C. 362(a) to insiders Jessica Garza and Jaden Garza (the "Insiders") in connection with the state court lawsuit, brought by Emma Lane against one of the Debtors, GEV IO, LLC, d/b/a Nomad Internet, Homero Joshua Garza (a/k/a Jaden Garza), and Jessica Garza in the District Court for Boulder County, Colorado, Case No. 2025CV31191 (the "State Court Lawsuit").

Extension of the automatic stay to insiders is extraordinary relief. The Insiders do not meet the standards recognized in this district for extension of the automatic stay to nondebtors, which is the same standard for the issuance of a preliminary injunction. Further the Members' argument that the Debtors' reorganization efforts will be compromised by the Insiders attention being diverted from these bankruptcy cases is not sufficient cause to extend the stay, particularly in light of the fact that the Court has recently approved the employment of a Chief Restructuring Officer ("CRO"), Erik White.

Additionally, the Motion is procedurally defective as to extension of the automatic stay to the Insiders under recent Northern District of Texas, District Court authority.

The United States Trustee does not object to the enforcement of the automatic stay as to the Debtors to the extent such order is necessary.

## Jurisdiction

This Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the standing order of reference in the Northern District of Texas. A motion to dismiss is a core matter. 28 U.S.C. § 157(b)(2)(A), (O).

## Factual and Procedural History

### Commencement of the Case and Case Events

1. The Debtors herein filed their voluntary petitions in bankruptcy on April 8, 2026 (the "Petition Date").

2. No official committee of unsecured creditors has been appointed in this case.

3. Erik White was approved as the Debtors' CRO by order of this Court entered on September 10, 2026 (the "CRO Order," dkt. no. 141).

4. The CRO Order outlines the CRO's duties (the "CRO's Duties") as follows:

a. Consult with and advise the Debtors on business strategy and other key elements of the Debtors' business, with the Debtors' management and business personnel cooperating with and providing information to the CRO as reasonably requested in connection with restructuring efforts;

b. Manage due diligence requests and other items requested by various constituents as part of the restructuring process;

c. Supervise the preparation of and approve cash flow forecast and related financial and business models;

d. Supervise the preparation of and approve schedules, statements, monthly operating reports, and other similar regular Chapter 11 administrative, financial, and accounting reports required by the United States Bankruptcy Court;

e. Provide necessary testimony before the Bankruptcy Court on matters within CRO's areas of expertise;

f. Negotiate with creditors, prospective purchasers, and other parties-in-interests;

g. Have decision-making authority over financial and restructuring matters of the Debtors, with the Debtors' management cooperating with and supporting the CRO in such matters;

h. Receive advance written notice of, and provide prior written consent before the Debtors' management implements, any operational decision that could reasonably be expected to have a material effect on the Debtors' cash flows, financial condition, or restructuring efforts, including, without limitation, decisions regarding capital expenditures, new contracts or contract modifications, changes in pricing or service levels, workforce changes, and any other operational matter that could materially impact the Debtors' financial position or restructuring;

i. Direct the Debtors' employees, contractors, professionals, and other agents to assist the CRO in performing his duties; and

j. Execute all documents and take all other acts necessary to effectuate restructuring of the Debtors' business operations;

k. Negotiate, propose, file, and seek confirmation of a plan of reorganization or liquidation on behalf of the Debtors, including any amendments or modifications thereto, subject to Bankruptcy Court approval and;

l. Approve and authorize a sale of all or substantially all of the Debtors' assets or equity interests (including a sale of the company), whether pursuant to section 363 of the Bankruptcy Code or through a confirmed plan, subject to Bankruptcy Court approval and any applicable bidding procedures;

5. The Motion was filed on August 21, 2026.

6. Paragraph 9 of the Motion states that Ms. Lane's "allegations stem from her tenure as a personal assistant working within the Debtors' operations. The [State Court Lawsuit] includes claims of purported sexual harassment and the alleged furnishing of controlled substances and alcohol to a minor. Lane alleges that she was employed by and paid through the Debtor, GEV IO, LLC, and that the alleged conduct occurred in the course of that employment."

7. The Motion does not state to whom Ms. Lane served as personal assistant.

8. Paragraph 10 of the Motion states that the State Court Lawsuit involves the following issues:

a. Negligent supervision and negligent retention against Jessica Garza and GEV IO, LLC:

b. Tortious interference with contract against both Insiders; and

c. Intentional infliction of emotional distress against Jaden Garza.

9. Paragraph 10 of the Motion also states that Ms. Lane has been issued right-to-sue letters by the Colorado Civil Rights Division permitting her to pursue discrimination claims in state court.

10. No certificate of conference accompanies the Motion disclosing what position Ms. Lane may or may not take as to the relief requested in the Motion.

11. The certificate of service attached to the Motion does not reflect that Ms. Lane or her counsel in the State Court Lawsuit were served with the Motion. Rather, it states:

**Certificate of Service**

I certify that on August 21, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtor's claims, noticing, and solicitation agent.

*/s/ Taylre C. Janak*
Taylre C. Janak

12. There is no claims, noticing, and solicitation agent in this case.

13. No other certificate of service of the Motion appears on the docket.

14. On September 10, 2026, the undersigned counsel spoke with counsel for Ms. Lane in the State Court Lawsuit, who indicated that GEV IO, LLC had been dropped from the State Court Lawsuit. Counsel for Ms. Lane also confirmed that they had not been conferenced on the relief requested in the Motion.

**Argument and Authority**

15. The Fifth Circuit has recognized that the same standard for a temporary injunction apply to extension of the automatic stay to non-debtors. *In re Zale Corp.*, 62 F.3d 746, 761 (5th Cir. 1995) ("*Zale*"). Circumstances that may warrant extension of the automatic stay or a temporary injunction include "when the nondebtor and the debtor enjoy such an identity of interests that suit against the nondebtor is essentially a suit against the debtor" and "when the third-party action will have an adverse impact on the debtor's ability to reorganize." *Zale*, 62 F.3d at 761. A temporary injunction "may be proper under unusual circumstances." *Zale*, 62 F.3d at 761.

16. "The four prerequisites to the issuance of a preliminary injunction are: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury

to the movant outweighs the threatened harm an injunction may cause the party opposing the injunction; and (4) that the granting of the injunction will not disserve the public interest." *Zale*, 62 F.3d at 765. *See also In re Bernhard Steiner Pianos USA, Inc.,* 292 B.R. 109, 118 (Bankr. N.D. Tex. 2002) (Hale, J.) ("*Bernhard Steiner*").

17. More recently, the District Court for the Northern District of Texas has opined that an extend stay order "has the impact of temporarily preventing certain claims from being pursued against non-debtors. Under *Zale*, that type of relief requires an adversary proceeding." *See Alma Brown, et al. v. 1 Glen Hill Road Operations LLC, et al. (In re Genesis Healthcare, Inc.)*, 2026 WL 1194759, *7 (N.D. Tex. 2026) (Boyle, J.) ("*Genesis*"). While the adversary proceeding requirement can be waived,[1] in *Genesis*, the District Court found that, for the appellants, no waiver occurred because they specifically requested an adversary proceeding. *See Genesis*, 2026 WL 1194759 at *7.

18. "[P]arties have waived their right to protest the lack of an adversary proceeding when the court afforded them all the protections of an adversary proceeding yet they knowingly failed to litigate a Rule 7001 issue which they had an opportunity to litigate." *Zale*, 62 F.3d at 764.

19. Here, there is nothing in the Motion indicating whether or not Ms. Lane has agreed to waive the adversary proceeding requirement or whether or not she or her counsel have been conferred with at all. Upon information and belief, Ms. Lane's counsel in the State Court Lawsuit

[1] "A party could waive the adversary proceeding requirement, but the Fifth Circuit in *Zale* ruled that the claimholders had not waived their rights to the procedural protections." *See Genesis*, 2026 WL 1194759 at *6. *See also Zale*, 62 F.3d at 763-64.

were not conferenced on the relief requested in the Motion. And there is nothing in the Motion indicating whether Ms. Lane or her counsel have been served with the Motion.[2]

20. With no consent to waiver of the adversary proceeding requirement, the Motion for injunctive relief is improper and the Debtors' pursuit of the extension of the automatic stay as to the Insiders is procedurally deficient. Failure to provide notice of the Motion or to confer with Ms. Lane's counsel concerning the Motion constitute further procedural infirmities.

21. Further, even if the Motion were not procedurally deficient, the Insiders are not entitled to injunctive relief as to the State Court Lawsuit. In examining whether there is a substantial likelihood that the movant will prevail on the merits in the bankruptcy context, courts have considered is whether the debtor will reorganize successfully. *See Bernhard Steiner*, 292 B.R. at 118. Insiders' asserted identity of interest with the Debtor is not sufficient to warrant extension of the automatic stay. "[O]wnership coupled with a guaranty" is not "sufficient to satisfy the identity of interest discussed in *Zale*." *In re Couture Hotel Corp.*, 536 B.R. 712, 752 (Bankr. N.D. Tex. 2015) (Houser, J.) ("*Couture*"). "[T]his type of overlap between shareholders and guarantors exists in a significant number of bankruptcy cases involving closely-held corporations. Granting an injunction on those grounds would make third party plan injunctions commonplace, which is clearly the incorrect outcome under Fifth Circuit precedent." *Couture*, 536 B.R. at 752.

22. In connection with whether there may be the "irreparable injury" if the stay is not extended, Debtors must prove that irreparable harm may occur if the action sought to be enjoined would so consume the time, energy and resources of the debtor that it would substantially hinder the

[2] The undersigned counsel sent a copy of the Motion to Ms. Lane's counsel in the State Court Lawsuit via email on September 10, 2026.

reorganization effort. *In re Continental Airlines, Inc.,* 177 B.R. 475, 481 n.6 (D. Del. 1993). The concern that the Insiders' defense of the State Court Lawsuit may distract them from the Debtors' reorganization is mitigated by the fact that a CRO is now in place and is steering the bankruptcy process, rather than the Insiders.

23. The burden to the Insiders of defending against the State Court Lawsuit does not appear to outweigh the burden on Ms. Lane if the stay is extended to the Insiders, particularly in light of the facts that the Motion does not contain a certificate of conference with Ms. Lane and/or her counsel and that the certificate of service attached to the Motion does not indicate whether Ms. Lane and/or her counsel were served with the Motion.

24. Moreover, the Insiders have the same access to the bankruptcy court that the Debtors have and they may file their own bankruptcy case or cases. Permitting the Insiders to enjoy the benefits of the Debtors' automatic stay without the corresponding burdens – such as disclosure of their personal assets, liabilities and prepetition financial activities – would not be in the public interest. An extension of the automatic stay to the Insiders would additionally leave them free to transfer assets or engage in other actions to put their personal assets out of reach of creditors.

**Conclusion**

For these reasons, the United States Trustee respectfully requests that the Court enter an order (i) sustaining the Objection and (ii) granting such other and further relief to which he may be entitled.

Dated: September 11, 2026.

Respectfully Submitted,

LISA L. LAMBERT
UNITED STATES TRUSTEE

*/s/ Meredyth A. Kippes*
Meredyth A. Kippes
Trial Attorney
Texas State Bar No. 24007882
Office of the United States Trustee
1100 Commerce St. Room 976
Dallas, Texas 75242
meredyth.kippes@usdoj.gov
(214) 767-1079

**Certificate of Service**

I certify that I sent copies of this document on September 11, 2026 via ECF to those parties requesting ECF notice in this case.

*/s/ Meredyth A. Kippes*
Meredyth A. Kippes